UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JENNIFER TEJADA-PAZ** <br> *Petitioner* <br><br> vs. <br><br> **ALEJANDRO MAYORKAS**, <br> Secretary, Department of Homeland Security; <br><br> **UR M. JADDOU**, <br> Director, <br> U.S. Citizenship and Immigration Services; <br><br> **MERRICK GARLAND**, <br> Attorney General of the United States; <br><br><br> *Respondents* | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No. _____ <br><br><br><br> Immigration Case <br><br> Administrative Procedure Act <br> Mandamus Statute <br> Declaratory Judgment Act <br><br><br> Alien File No. A091-669-761 <br> I-130 Petition for Alien <br> Relative WAC1890066039 |

*************************************************************************

FILED: _____     DEPUTY CLERK: _____

## **COMPLAINT FOR WRIT OF MANDAMUS**

COMES NOW, Petitioner, JENNIFER TEJADA-PAZ, by and through undersigned counsel, and respectfully represents as follows:

## **INTRODUCTION**

1.  This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. § 702, the Administrative Procedure Act.

2. This action seeks to compel the Department of Homeland Security – Citizenship and Immigration Services (DHS-CIS) to return in an expedited manner the Petition for Immediate Relative (I-130) filed by RUFINO ANTONIO TEJADA on behalf of his daughter, JENNIFER TEJADA-PAZ, to the National Visa Center for consular processing.

3. RUFINO TEJADA PAZ was a lawful permanent resident of the United States. He filed form I-130 Petition for Alien Relative on behalf of his daughter, JENNIFER TEJADA-PAZ, on November 28, 2017. The petition was approved on July 11, 2019 and forwarded to the National Visa Center for consular processing and given case number SNS2019788059.

4. RUFINO TEJADA-PAZ died on August 31, 2018. The National Visa Center returned the I-130 petition to USCIS due to the death of RUFINO. However, at the time of his death, the beneficiary, JENNIFER TEJADA-PAZ, was residing in the United States. Pursuant to 8 U.S.C. § 1154(l), because the beneficiary resided in the USA at the time of RUFINO's death, and continues to reside in the USA, she "shall have such petition…adjudicated, notwithstanding the death of the qualifying relative."

5. Many inquiries sent to USCIS have been ignored. This delay in processing the petition without explanation is unreasonable and unlawful. Therefore, Petitioner files this writ for mandamus action for USCIS to return the approved I-130 petition to the National Visa Center so that JENNIFER TEJADA-PAZ can resume the consular process.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. § 702, the Administrative Procedure Act.

7. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e)(2) because this is a civil action in which the Respondents are employees or officers of the U.S., acting in their official capacity, and an agency of the U.S., and because a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction.

## PARTIES

8. Petitioner, JENNIFER TEJADA-PAZ, is a citizen and national of El Salvador, who resides in Metairie, Louisiana.

9. Petitioner is the beneficiary of an approved I-130 Petition for Alien Relative filed by her lawful permanent resident father. (See Exhibit A- I-130 Approval Notice).

10. Ur M. Jaddou is the Director for U.S. Citizenship and Immigration Services and is sued herein in her official capacity. In this capacity she has the responsibility for the administration and adjudication of immigration services and benefits applied for under the purview of the Immigration and Nationality Act.

11. Alejandro Mayorkas is the Secretary of the Department of Homeland Security and is sued herein in his official capacity as the Secretary of the Department of Homeland Security. In this capacity, he has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to § 402 of the Homeland Security Act of 2002, 107 Pub. L. 296, 116 Stat. 2135 (Nov. 25, 2002).

12. Merrick Garland, is the U.S. Attorney General and is sued herein in his official capacity.

## FACTUAL ALLEGATIONS

13. Petitioner brings this action to compel DHS-CIS to return the approved I-130 Petition for Alien Relative to the National Visa Center for consular processing.

14. The I-130 Petition has been being reviewed at DHS-CIS since April 21, 2021.

15. Petitioner has made repeated attempts with DHS-CIS, via the USCIS hotline and online service requests, and written letters to obtain a status on the petition. Nevertheless, the Petitioner has yet to receive a response from DHS-CIS.

16. All efforts to encourage DHS-CIS to return the approved petition to the National Visa Center have failed.

17. DHS-CIS's actions have caused Petitioner significant hardship and suffering for no good reason, including the constant service requests and calls to the USCIS hotline for updates. The delay in adjudication of this petition is creating a hardship due to the stress such a process puts on Petitioner and due to the constant uncertainty as to her status in the United States. Lastly, Petitioner has incurred significant legal expenses in attempting to prosecute this matter as well as the exorbitant amount of time spent making requests for action.

18. Petitioner has exhausted all available administrative remedies.

## CAUSE OF ACTION – VIOLATION OF IMMIGRATION AND NATIONALITY ACT

19. DHS-USCIS is the agency charged by law with adjudicating I-130 Petitions arising under the Immigration and Nationality Act.

20.     Petitioner meets the requirements for having the approved I-130 returned to the National Visa Center as her consular process can proceed despite her father's death pursuant to 8 U.S.C. § 1154(l)(1) and (2)(B).

21.     Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act.

22.     Respondents have a duty to act upon the petition filed in this case and have failed to do so in a reasonable time or manner.  Respondents have thus violated the Immigration and Nationality Act.

23.     The Administrative Procedures Act provides that a reviewing court must compel agency action unlawfully withheld or unreasonably delayed.  5 U.S.C. § 706(1).

24.     Petitioner has exhausted all other available remedies.  She has no other adequate means to attain the relief she desires.  Her right to issuance of the writ is therefore clear and indisputable.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

a.     Assume jurisdiction over this matter;

b.     Order that DHS-CIS return the approved I-130 Petition for Alien Relative to the National Visa Center for consular processing pursuant to 8 U.S.C. § 1154(l).

c.     Award Petitioner reasonable attorney's fees and court costs; and

d.     Grant such further relief as this Court deems just and proper.

Respectfully submitted,

s/Jaesa McLin_____
Jaesa McLin (LA Bar No. 32588)

5

3213 Florida Ave., Ste. C
Kenner, LA 70065
T (504) 466-7507
F (504) 466-7508

Attorney for Petitioner